UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Darren Couture,

      Plaintiff,

      v.                                    Civil Action No. 5:16–cv–304–gwc–jmc

Sue Blair and
Vermont Parole System,

      Defendants.

## **REPORT AND RECOMMENDATION**
(Doc. 17)

Plaintiff Darren Couture, an inmate presently in the custody of the Vermont Department of Corrections (DOC) and proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983 against Defendants Sue Blair, Director of the Vermont Parole Board, and the Vermont Parole System. (Doc. 4 at 1.) Seeking injunctive relief, a declaratory judgment, and compensatory and punitive damages, Couture alleges that Defendants violated his rights under the Fourteenth Amendment, Eighth Amendment, Americans with Disabilities Act (ADA), and the Rehabilitation Act, in the context of a preliminary parole revocation hearing. (*Id.* at 1–5, 7–8, 10–12.) Couture also alleges that constitutional violations are generally pervasive throughout the parole system in Vermont. (*See generally id.*)

On May 8, 2017, the undersigned issued a Report and Recommendation (Doc. 13), recommending that Defendants' Motion to Dismiss (Doc. 7) be granted and Couture's Complaint (Doc. 4) be dismissed, on the grounds that Couture's claims are barred by res judicata, 42 U.S.C. § 1983, and sovereign immunity (Doc. 13). It was also recommended

that Couture be granted leave to amend his complaint, but only with respect to a possible First Amendment retaliation claim.  (*Id.* at 28; *see also* Doc. 4 at 11 (Couture alleging that Defendants are "retaliating against him for his litigation by refusing to grant him a Parole Hearing as required by statute").)  Finally, it was recommended that leave to amend the First Amendment retaliation claim be granted only insofar as Couture "asserts this claim against Blair for monetary relief in her individual capacity, or for prospective equitable relief." (Doc. 13 at 28.)

While the Report and Recommendation remained pending, Couture filed what he styles as a "Motion to Amend to Class Certification," requesting that he be allowed to proceed on behalf of "all Vermont [p]arolees and [p]risoners with mental illness disabilities."  (Doc. 17.)  Defendants oppose the Motion.  (Doc. 18.)  For the reasons set forth below, I recommend that Couture's Motion be DENIED.[1]

## Analysis

Couture requests leave to amend his Complaint to proceed in a class action suit under Fed. R. Civ. P. 15(a)(2). (Doc. 17 at 1.)  "The mandate of Rule 15(a) that leave to amend shall be freely given applies to amendments joining additional plaintiffs." *Fernandez v. Kinray, Inc.*, No. 13–CV–4938 (ARR), 2014 WL 7399303, at *7 (E.D.N.Y. Dec. 30, 2014) (collecting cases); *see also Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (granting plaintiff leave to amend complaint to name additional plaintiffs and assert a class action).  A decision to grant or deny a motion to amend is within the sound discretion

---

[1] "District courts in this circuit have suggested that a magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive." *Tyree v. Zenk*, No. 05–CV–2998 (KAM)(LB), 2009 WL 1456554, at *3 (E.D.N.Y. May 22, 2009) (emphasis omitted).

of the district court, *Foman v. Davis*, 371 U.S. 178, 182 (1962), and the court need not grant leave to amend "when an amendment is offered in bad faith, would cause undue delay or prejudice, or would be futile," *Mumley v. Hofmann*, No. 1:06CV137, 2007 WL 895233, at *3 (D. Vt. Mar. 22, 2007) (citing cases).

A motion to amend must include a proposed amended complaint. *See* L.R. 15(a) (a motion to amend must include "(1) a redlined version of the proposed amendment clearly designating additions and deletions; and (2) a non-redlined reproduction of the entire amended filing."); *Smith v. Planas*, 151 F.R.D. 547, 550 (S.D.N.Y. 1993) (holding that to meet "the prerequisite of particularity" under Fed. R. Civ. P. 7(b)(1), "a complete copy of the proposed amended complaint must accompany the motion [to amend] so that both the Court and opposing parties can understand the exact changes sought."). "Ordinarily, a movant's failure to submit a proposed amended complaint constitutes sufficient grounds to deny a motion to amend," even if the movant is proceeding *pro se*. *Murray v. New York*, 604 F. Supp. 2d 581, 588 (W.D.N.Y. 2009); *see also Allen v. Brown*, No. 96-CV-1599 RSP GJD, 1997 WL 610720, at *1 (N.D.N.Y. Sept. 26, 1997). Moreover, failure to submit a proposed amended complaint "indicates a lack of diligence and good faith." *Slaveson v. JP Morgan Chase & Co.*, 663 F. App'x 71, 76 (2d Cir. 2016) (quoting *Twohy v. First Nat. Bank of Chi.*, 758 F.2d 1185, 1197 (7th Cir. 1985)).

Applied here, Couture's Motion to Amend (Doc. 17) is not offered in good faith because he did not include a proposed amended complaint, in violation of both the Local Rules and the Federal Rules of Civil Procedure. On this basis alone, Couture's Motion should be DENIED.

Furthermore, granting Couture leave to amend would arguably cause undue delay and prejudice to Defendants. Although the Court is left to speculate as to what claims Couture would bring in an amended complaint, assuming Couture would merely revise his existing claims on behalf of a class of plaintiffs, Defendants would be forced to continue defending a suit that was originally brought by Couture in 2014 and dismissed by this Court in 2015. *See Couture v. Blair*, No. 5:14-cv-220-gwc (D. Vt. 2015).[2]

Relatedly, as discussed in the pending Report and Recommendation, the undersigned has recommended that the present iteration of Couture's suit be dismissed, in part on the basis that it is barred by res judicata. (Doc. 13 at 6–18.) I also recommended that Couture's Complaint be dismissed because Couture seeks relief from parties that are not suable persons under § 1983 and because his claims are barred by sovereign immunity. (*See generally* Doc. 13.) Accordingly, if the pending Report and Recommendation is adopted, any amendment would be futile, except to the extent Couture seeks to amend his First Amendment retaliation claim, and even then, only insofar as he asserts this claim against Blair for monetary relief in her individual capacity, or for prospective equitable relief.[3] (*See* Doc. 13 at 28.)

It bears noting that even if Couture were allowed to proceed in this action, any motion to certify a class would likely fail. A party seeking to bring a class action must meet

---

[2] The Court takes judicial notice of the prior proceeding and documents filed therein. *See, e.g.*, *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other [actions], . . . not for the truth of the matters asserted [therein], but rather to establish the fact of such litigation and related filings.").

[3] However, as stated above, because Couture failed to include a proposed amended complaint with the instant Motion, the Court cannot be certain of the claims Couture would assert in a class action.

the threshold requirements of Fed. R. Civ. P. 23(a), including that "the representative parties will fairly and adequately protect the interests of the class." *Id.* 23(a)(4). Because a *pro se* litigant is limited to representing himself, "it is well established that 'a *pro se* class representative cannot adequately represent the interests of other class members.'" *Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 2004 WL 393161, at *1 (2d Cir. 2004) (Summary Order) (quoting 5 James Wm. Moore et al., *Moore's Federal Practice* § 23.25(4) (3d ed. 2003)); *see also Kimber v. Tallon*, 556 F. App'x 27, 28 (2d Cir. 2014) ("Generally, it is inappropriate for a *pro se* litigant to represent the interests of a class."); *Jaffe v. Capital One Bank*, No. 09 Civ. 4106(PGG), 2010 WL 691639, at *10 (S.D.N.Y. Mar. 1, 2010) ("[A] *pro se* plaintiff may not bring an action in which he will serve as both class representative and class counsel."). Accordingly, because he is proceeding *pro se*, Couture cannot bring a class action on behalf of other inmates.

Though Couture requests the Court to "appoint the class counsel" (Doc. 17 at 2), the fact that "a pro se plaintiff may not adequately represent the interests of a class . . . does not automatically justify the appointment of counsel if the merits of the action are not of substance." *Turner v. Coughlin*, No. 89-CV-772, 1992 WL 739947, at *2 n.1 (N.D.N.Y. July 6, 1992). In *Ayazi v. New York City Board of Education*, the court denied the *pro se* plaintiff's motion to certify a class on the basis that he could not represent the class. Nos. 98–CV–7461 (NGG)(LB), 08–CV–2456 (NGG)(CLP), 2010 WL 4789403, at *1 (E.D.N.Y. Nov. 17, 2010). Though, to remedy this issue, plaintiff sought the appointment of counsel, the court held that such appointment was not justified under either Fed. R. Civ. P. 23(g) or 28 U.S.C. § 1915(e)(1). *Id.* at *2. As the court explained, Rule 23(g) "contemplates

5

appointment of class counsel from among lawyers representing the members of the class *after* the class is certified." *Id.* And though 28 U.S.C. § 1915(e)(1) "guarantee[s] that indigents have meaningful access to courts" by allowing for appointment of counsel under certain circumstances, the court reasoned that this statute "does not require appointing counsel solely to permit plaintiff's case to proceed in the form of a class action." *Id.* The court "decline[d] to exercise its discretion to recommend the appointment of counsel" and denied certification under Rule 23 because the plaintiff could not represent the class. *Id.*; *see also Day v. Wall*, No. CA 08–094 ML, 2008 WL 4773054, at *2 (D.R.I. Oct. 30, 2008) ("Federal Rule 23(g) instructs federal courts that have certified a class to choose counsel to represent the class from among counsel representing the parties that make up the class; it does not require courts to appoint free counsel to a proposed class."); *Blosser v. Land*, No. 2:07-CV-11781, 2008 WL 795748, at *2 (E.D. Mich. 2008) ("[C]ontrary to Plaintiff's assertion, Federal Rule of Civil Procedure 23(g)(2) does not require the appointment of counsel when a *pro se* plaintiff moves for class certification."). Couture would face the same barriers in a class action here, even if the Court were to grant leave to amend.

## Conclusion

For the reasons set forth above, I recommend that the Court DENY Couture's Motion to Amend to Class Certification. (Doc. 17.)

Dated at Burlington, in the District of Vermont, this 24th day of August, 2017.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

6

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision."  *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).