U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 DEC 28 PM 3: 45

CLERK

BY _____pjl_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

DARREN COUTURE,  )
  )
  Plaintiff,  )
  )
v.  )  Case No. 5:16-cv-304
  )
SUE BLAIR and the VERMONT PAROLE  )
SYSTEM,  )
  )
  Defendants.  )

## OPINION AND ORDER
(Docs. 7, 13, 17, 20)

Pro se Plaintiff Darren Couture, an inmate presently in the custody of the Vermont Department of Corrections (DOC), has filed an action under 42 U.S.C. § 1983 against Defendants Sue Blair, Director of the Vermont Parole Board, and against the "Vermont Parole System." (Doc. 4 at 1.) His claims stem from an April 1, 2014 preliminary parole revocation hearing before the Vermont Parole Board (the "Board"), at which time he asserts that he was on suicide watch and was suffering from qualifying disabilities. (*See id.* at 3.) Plaintiff claims that, at the hearing and afterwards, Defendants violated his rights under the Fourteenth Amendment, the Eighth Amendment, the Americans with Disabilities Act (ADA), and the Rehabilitation Act. (*See id.* at 1, 10.) He further alleges that constitutional and ADA violations are pervasive throughout the Vermont parole system. (*See id.* at 5, 7.) He seeks wide-ranging injunctive relief as well as compensatory and punitive damages. (*Id.* at 10–13.)

Two motions are currently pending: Defendants' Motion to Dismiss (Doc. 7), and Plaintiff's "Motion to Amend to Class Certification" (Doc. 17). The United States Magistrate Judge issued a Report and Recommendation (R&R) regarding the Motion to Dismiss on May 8, 2017. (Doc. 13.) Plaintiff filed objections to that R&R on May 30, 2017 (Doc. 16), and

Defendants filed a response on June 1, 2017 (Doc. 19). The Magistrate Judge issued an R&R regarding the Motion to Amend on August 25, 2017. (Doc. 20.) No objections have been filed as to that R&R.

After careful review of the record, the Magistrate Judge's R&Rs, and the objections, the court AFFIRMS, APPROVES, and ADOPTS both the May 8, 2017 R&R and the August 25, 2017 R&R, with only one minor narrowing of the basis for dismissing Mr. Couture's ADA and Rehabilitation claims to the extent that they are brought against the Board.

## Analysis

### I. Applicable Standards

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. The district judge is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

To survive a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2). The court must also draw all reasonable inferences in the non-moving party's favor. *Lanier v. Bats Exch., Inc.*, 838 F.3d 139, 150 (2d Cir. 2016). Dismissal is appropriate when "it is clear from the face of the complaint, and matters of which the court may

take judicial notice, that the plaintiff's claims are barred as a matter of law." *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000). "*Res judicata* challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Thompson v. Cty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994). "The burden is on the party seeking to invoke *res judicata* to prove that the doctrine bars the second action." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (quoting *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 369 (2d Cir. 1997)).

## II. Motion to Dismiss (Doc. 7)

### A. Res Judicata

The Magistrate Judge took notice of a case that Mr. Couture filed in this court in 2014, which ended in 2015 with the dismissal of Mr. Couture's complaint and amended complaints. *See Couture v. Blair*, No. 5:14-cv-00220, 2015 WL 1931548 (D. Vt. Apr. 28, 2015), ECF No. 29 (granting Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted), *appeal dismissed*, No. 15-1520 (2d Cir. Aug. 13, 2015).[1] The Magistrate Judge analyzed the elements of res judicata and concluded that all of the elements are satisfied with respect to each of Plaintiff's claims except his First Amendment retaliation claim. (Doc. 13 at 6–18.)[2] Plaintiff challenges the Magistrate Judge's res judicata conclusion, arguing that his present

---

[1] Plaintiff does not challenge the decision to take notice of the 2014 case. The court agrees that judicial notice of that case is proper here. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014) ("A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice."); *Briggs v. Warfield*, No. 2:06-CV-227, 2007 WL 4268918, at *3 (D. Vt. Nov. 30, 2007) ("When a party moves to dismiss on the basis of *res judicata*, the Court may consider both the face of the complaint and matters of which the Court may take judicial notice, including prior court decisions.").

[2] The Magistrate Judge recommended that the First Amendment retaliation claim be dismissed for failure to allege facts suggesting that his pending litigation is a substantial or

action involves different issues than the issues in the 2014 case, and that new issues and new facts have been discovered which were not fully and fairly litigated in the 2014 case. (*See* Doc. 16 at 1.)

"The doctrine of *res judicata*, or claim preclusion, holds that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Brown Media Corp.*, 854 F.3d at 157 (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000)). "To determine whether the doctrine of res judicata bars a subsequent action, we consider whether 1) the prior decision was a final judgment on the merits, 2) the litigants were the same parties, 3) the prior court was of competent jurisdiction, and 4) the causes of action were the same." *Id.* (quoting *In re Layo*, 460 F.3d 289, 292 (2d Cir. 2006)).

There appear to be no objections to the Magistrate Judge's analysis of the first three elements of the res judicata test. The Magistrate Judge recognized that the court's April 28, 2015 decision in the earlier case was a dismissal for failure to state a claim—a final judgment on the merits with res judicata effects. (Doc. 13 at 12 (citing *Carthaginian Fin. Corp. v. Skinner, Inc.*, No. 2:05-CV-3, 2005 WL 1388689, at *3 (D. Vt. June 3, 2005)).)[3] Regarding the second element, the Magistrate Judge concluded that this case and the 2014 case involve "essentially the same parties." (Doc. 13 at 12.) Finally, the Magistrate Judge noted that the court in the 2014 case was a court of competent jurisdiction. (*Id.*) In the absence of any objections to that

---

motivating factor for Defendants' alleged refusal to grant him a parole hearing. (Doc. 13 at 26.) Plaintiff does not challenge that recommendation, and the court adopts it here together with the recommendation (*id.* at 28) that Plaintiff be granted leave to amend with respect to his First Amendment retaliation claim insofar as the claim is asserted against Defendant Blair in her individual capacity for monetary relief or for prospective equitable relief.

[3] *See also Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) ("[D]ismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects.").

analysis, the court turns to the final element of res judicata: whether the causes of action were the same.

Mr. Couture asserts that the causes of action in this case are different than those in the 2014 case. He says that the issues in the first case were "revocation hearings and waivers, as well as seeking release," whereas "this action concerns ADA & Rehab. Act, conjunctive with 14th Amendment Constitutional violations, and unconstitutional Parole system, Director, and Board." (Doc. 16 at 1.) It is true that, in the 2014 case, Mr. Couture did not bring claims under the ADA or the Rehabilitation Act. *See Couture*, 2015 WL 1931548, at *2 (noting two categories of claims: claims that aspects of his parole revocation proceedings violated his right to procedural due process, and a claim that the parole revocation proceedings violated his rights under the Equal Protection Clause). It is also true that some of the forms of relief that Mr. Couture sought in the 2014 case were different than the relief he seeks in this case. *See id.* (Mr. Couture sought a new parole revocation hearing and for his violation to be set aside).[4] For the reasons below, the court concludes that these differences do not defeat the operation of res judicata.

Causes of action are the same for res judicata purposes if they are "based on the same transaction or occurrence." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014). "To determine whether two actions arise from the same transaction or claim, we consider 'whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Id.* (quoting *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir.

---

[4] In the present action, Mr. Couture says that he does not challenge "his revocation, waivers, release or even a new parole revocation hearing," but is instead bringing claims based on "Constitutional & ADA & Rehab. Act violations toward him and other parole[e]s." (Doc. 16 at 3.)

5

2001)); *see also Brown Media Corp.*, 854 F.3d at 157 ("Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." (quoting *Monahan*, 214 F.3d at 285)). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 135 (2d Cir. 2009) (quoting *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205 (2d Cir. 2002) (per curiam)); *see also Brown Media Corp.*, 854 F.3d at 157 ("A party cannot avoid the preclusive effect of res judicata 'by asserting a new theory or a different remedy.'" (quoting *Sure-Snap Corp. v. State St. Bank & Tr. Co.*, 948 F.2d 869, 875 (2d Cir. 1991))). Thus, res judicata "precludes the parties or their privies from relitigating issues that were *or could have been* raised" in the prior action. *Brown*, 854 F.3d at 157 (emphasis added) (quoting *Monahan*, 214 F.3d at 284).

Here, the same transaction or occurrence underlies all of the causes of action in the 2014 case and in this case: Mr. Couture's April 1, 2014 preliminary parole revocation hearing before the Vermont Parole Board. As the court noted in the 2014 case, Mr. Couture's claims there all arose from the revocation of his parole. *Couture*, 2015 WL 1931548, at *1. As the court previously described, in that case he claimed that the defendants violated his right to procedural due process by:

> acting in an arbitrary and capricious manner; accepting the waiver of his right to a hearing when that waiver was not made "knowingly, intelligently, or voluntarily"; revoking his parole on the basis of inadmissible, uncorroborated evidence which was unduly prejudicial; and being biased against him specifically and against criminals more generally. He alleges that condition 20 of his parole agreement—the violation of which led to his parole revocation—was unconstitutionally vague. He also claims that he received ineffective assistance of counsel at his parole hearings . . . .

*Id.* at *2 (citations omitted). He also alleged that his parole violation proceedings violated his rights under the Equal Protection Clause. *Id.* He alleged general deficiencies in the Board, including allegations that the Board is biased and does not follow its own manual. Mot. to Amend Compl. at 20–21, *Couture*, No. 5:14-cv-00220, ECF No. 24. And he specifically alleged that, at the parole hearing, he was "suffering from reoccur[e]nces of his mental health diagnosis PTSD, Panic Attacks & Extreme anxiety." *Id.* at 3.

His complaint in this case also arises from the April 1, 2014 preliminary parole revocation hearing. (*See* Doc. 4.) He alleges that he was denied his right to confront and challenge evidence, (*id.* at 3), that the hearing was improperly conducted by the entire Board rather than a single "uninvolved person," (*id.* at 3–4), and that the Board chairperson forged a document to indicate that Mr. Couture had waived a hearing (*id.* at 4). He continues to level general criticisms at the Board, including allegations that it is biased, it fails to follow its own governing authorities, and that its members lack expertise. (*Id.* at 1.) He alleges that he was suffering from PTSD and other qualified mental health disorders at the time of the hearing, that the entire parole system knew of those disabilities before the April 1, 2014 hearing, and that the Board failed to accommodate his disabilities at the hearing and used his illness against him. (*Id.* at 3–4.) He maintains that the Board "engages in a systematic and widespread discrimination in regards to parolees," (*id.* at 4), and that the Board's members and the entire parole system are unconstitutional (*id.* at 5).

Although Mr. Couture asserts that his present lawsuit is based on the ADA and the Rehabilitation Act—and that he did not previously know the extent of his rights under those laws—the factual allegations underlying those claims are the same as those in the 2014 case. Since Mr. Couture's ADA and Rehabilitation Act claims arise from the same transaction and

occurrence as the claims in the 2014 case, they are barred. Those claims could have been raised in the 2014 case; Mr. Couture cannot avoid the preclusive effect of res judicata by asserting new theories stemming from the same transaction or occurrence. Neither can he avoid res judicata by seeking different relief in this case.

Mr. Couture also asserts that he has discovered new facts and evidence, including evidence demonstrating "extensive . . . discrimination against the plaintiff and other disabled individuals (system-wide)." (Doc. 16 at 1.) According to Mr. Couture:

> The Vermont Parole Board, Director and system as a whole, through their lack of mandated ADA & Rehab Act requirements clearly and intentionally discriminate against the disabled/plaintiff by and through also violating the 14th Amendment. Plaintiff did not know of the extent or significance until after the first claims had been denied.

(Doc. 16 at 6.) Defendants maintain that Plaintiff has not "allege[d] facts that occurred after the previous case." (Doc. 19 at 1.)

It is true that "a Rule 12(b)(6) dismissal will not bar a second action if new facts have come into existence or have been alleged for the first time and it was the absence of these facts that made the first complaint defective." *Criales v. Am. Airlines, Inc.*, 105 F.3d 93, 97 (2d Cir. 1997) (internal quotation marks omitted). Here, Mr. Couture does not say what "new" facts occurred after the 2014 case. His argument is merely a reiteration of his previously asserted general attacks on the Board with an ADA and Rehabilitation Act gloss.

**B.     Sovereign Immunity**

The Magistrate Judge concluded that all of Mr. Couture's claims against the Board and any damages claims against Defendant Blair in her official capacity are barred by § 1983's "person requirement" and by the sovereign immunity doctrine. (Doc. 13 at 23, 28.) The Magistrate Judge found no such impediments to Mr. Couture's claims for money damages against Defendant Blair in her individual capacity, or his claims for prospective injunctive and

8

declaratory relief against her in her official capacity. (*Id.* at 24.) But the Magistrate Judge reiterated that all of Mr. Couture's claims (other than his First Amendment retaliation claim) are barred by res judicata. (*See id.*)

Mr. Couture asserts that the Magistrate Judge "erred in attaching 11th Amendment immunity to the Defendants." (Doc. 16 at 2.) He argues that the "State" is not entitled to Eleventh Amendment Immunity for two reasons: (1) "Congress abrogated the States immunity under the 11th Amendment when claims and violations involve the ADA"; and (2) "The Rehab. Act prevents State Agencies who receive Federal Funding from claiming 11th Amendment Sovereign Immunity." (Doc. 16 at 7.) Defendants note that the Magistrate Judge actually agreed that sovereign immunity does not bar Mr. Couture's claims against Defendant Blair in her individual capacity (*see* Doc. 13 at 24), but maintain that Mr. Couture's claims against Ms. Blair are nevertheless barred by res judicata. (Doc. 19 at 1.)

The Magistrate Judge's immunity analysis was not adverse to Mr. Couture on any of his claims against Defendant Blair.[5] Except for the First Amendment retaliation claim, res judicata bars all of Mr. Couture's claims against the Vermont Parole Board—including his ADA and Rehabilitation Act claims. It is therefore unnecessary to address Mr. Couture's attempts to save his ADA and Rehabilitation Act claims from any immunity bar. Mr. Couture does not challenge the portion of the Magistrate Judge's analysis concluding that, as against the Board, the First Amendment retaliation claim is barred by Eleventh Amendment immunity.

---

[5] The Magistrate Judge noted that official capacity claims against Ms. Blair for money damages would be barred by § 1983 and sovereign immunity, but also noted that Mr. Couture has clarified that he is not suing Ms. Blair in that capacity. (Doc. 13 at 23–24.)

9

### III. Motion to Amend (Doc. 17)

On the same date that he filed his objection to the Magistrate Judge's May 8, 2017 R&R, Mr. Couture filed a "Motion to Amend to Class Certification." (Doc. 17.) The Magistrate Judge issued a Report and Recommendation on August 25, 2017, recommending that the Motion to Amend be denied for failure to comply with Local Rule 15(a), because amendment would cause undue delay and prejudice, because adoption of the May 8 R&R would eliminate most of Mr. Couture's claims, and because any motion to certify a class would likely fail. (Doc. 20.) Mr. Couture has filed no objections to the Magistrate Judge's August 25, 2017 R&R. The court will accordingly adopt that Report and Recommendation.

### Conclusion

Because Mr. Couture's ADA and Rehabilitation Act claims are barred by res judicata, the court confines dismissal of those claims to those grounds without reference to any immunity doctrine. The court otherwise AFFIRMS, APPROVES, and ADOPTS both the May 8, 2017 R&R (Doc. 13) and the August 25, 2017 R&R (Doc. 20).

Defendants' Motion to Dismiss (Doc. 7) is GRANTED.

Plaintiff's Motion to Amend (Doc. 17) is DENIED.

Plaintiff is allowed 30 days to file an amended complaint with respect to his First Amendment retaliation claim against Ms. Blair in her individual capacity for monetary relief or for prospective equitable relief. Failure to file an amended complaint will result in dismissal of the case with prejudice.

Dated at Rutland, in the District of Vermont, this ___ day of December, 2017.

Geoffrey W. Crawford, Chief Judge
United States District Court